*Western Dist. Sept. 1827.*

*LATIOLAIS vs. RICHARD.*

---

### PERRY vs. FRILOT.

APPEAL from the court of the fifth district.

PORTER J. delivered the opinion of the court.

Western Dist.
*Sept.* 1827.

PERRY
*vs.*
FRILOT.

The promise of a father to pay part of the debt of his insolvent son, to a creditor, (who alleges fraud in the insolvent, and threatens a prosecution, and promises to procure a discharge from the creditors, on being secured) is without a good consideration & void

This case presents a single question, but it is one which has arisen for the first time in this state, and it is of considerable importance.

The son of the defendant was indebted to the plaintiff and became insolvent. After the filing of his bilan, or immediately previous thereto, the plaintiff called on his father and told him that his son had acted fraudulently in his failure, and that unless he, the father, would pay a proportion of the debt due the plaintiff, he would prosecute the son criminally ; but, if the defendant would comply with the demand, the plaintiff would obtain a discharge from the other creditors, and give his own.

It appears clearly, from the evidence, that the defendant, influenced by these menaces, and moved by parental affection, gave his three several notes to the plaintiff, payable at different times, for $800 each ; that these notes were afterwards surrendered and in lieu of them, the three obligations, given, on which this suit is brought.

The defendant sets up, as a defence to the payment, the illegality of the consideration ; he asserts the notes to be null and void.

The evidence does not shew whether the conduct of the son was fraudulent or not. But

the want of proof on this head cannot affect
the conclusion to which our duty requires us to
come. If it *was not* fraudulent, the plaintiff
practised a gross fraud and deception on the
defendant. If it *was* fraudulent, he cannot
make the promise to conceal that fraud the
basis of an action in a court of justice. The
consideration was immoral, and society can-
not lend its aid to enforce obligations entered
into in contravention of those regulations which
have for their object the enforcement of a great
purpose of public policy. The rules establish-
ed by the legislature in relation to insolvent
debtors are intimately connected with private
faith; public morals; the maintenance and ex-
tension of that commerce which must rest, in a
great measure on credit; and that confidence
which man can repose on his fellow man.
Their end is two-fold—to protect and relieve
the unfortunate, and to punish the fraudulent.
The consideration held out by the defendant to
the plaintiff for these notes, was a promise to
defeat the latter purpose. Not only did he en-
gage to be inactive and remain silent where his
duty as a citizen required him to speak out, but
he promised he would get the other creditors
to sign ; that is, that he would deceive them.

WesternDist.
*Sept , 1827.*

PERRY
*vs.*
FRILOT.

and deceive his country too, which punishes with infamy, and the pains and penalties attached to perjury, the debtor who acts fraudulently in making a surrender of his effects. The defendant's counsel has read from English and American reports to shew, that in cases like this, courts of justice have refused to enforce obligations made in contravention of the policy of their bankrupt laws. They go the whole length for which the appellant contends. But we do not rest our judgment on them. The principles which repel the action are in our own law. They make a part of the very elements on which society is formed. An obligation with an unlawful cause, says our code, can have no effect. The *cause*, says the same work, is illicit when it is forbidden by law, when it is contrary *bonos mores*, or to public order. That the cause of the obligation on which this suit was brought was such, not a doubt exists on our minds. *C. Code*, 264, *Arts.* 31 & 33 ; *Acts of the Leg.* 1817, 136, 21 ; 3 *Caines*, 212 ; 3 *Durnford & East*, 17 ; 9 *Johnson*, 295 ; 12 *Ibid.* 306; 2 *Durnford & East*, 763.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Brownson* for the plaintiff, *Baker* for the defendant.