HOOD, Judge
(dissenting).
I cannot agree with the conclusion reached by the majority that defendant Simon executed the note on which this suit is based “in consideration of plaintiff’s forbearance to prosecute Wilmer Mitchel for issuing worthless checks.” Simon, himself, testified at the trial that at the time he executed and delivered the note he did not know that Mitchel had signed any checks in favor of Davis and that he knew nothing about the possibility that Mitchel might have to go to jail. His testimony to that effect is as follows:
“Q. Now, was Mitchel in any sort of trouble with Mr. Davis, do you know, at that time?
“A. Not that I know, no, sir.
“Q. Do you know about any checks that Mitchel had signed to Mr. Davis ?
“A. No, sir. Mr. Davis never tell me nothing about no checks.
“Q. Did Mitchel talk to you about his checks ?
“A. No, sir.
“Q. Did he talk to you about he might have to go to jail?
“A. No, sir.
“Q. Did you know that he might have to go to jail and he wouldn’t be able to work for you ?
“A. No, sir, I didn’t know that.”
So far as I can find in the .record, the only grounds upon which the majority can base its holding that there was an agreement to not prosecute are the statements volunteered by plaintiff’s general manager, Mr. Earl J. Davis, which are quoted in the majority opinion. I find nothing in his testimony which indicates a promise on his part to not prosecute Mitchel. The only logical interpretation which can be placed on the evidence, I think, is that although Davis intended to prosecute Mitchel if the checks were not paid, and he may have said that to Mitchel, defendant Simon was never informed of any such intent or even of the possibility that charges could be filed and no promise was ever made by Davis to Simon or to anyone else to not prosecute Mitchel.
The majority has held that the agreement between Mr. Davis and Mr. Simon is “unlawful,” and is “forbidden by law,” and “is a crime.” Although the specific crime which the majority thinks has been committed is not set out in the opinion, it is apparent that they feel that both of these men, by conducting this very ordinary and common business transaction, have committed the serious crime of compounding a felony, as prohibited by LSA-R.S, *780 14:131. I strongly disagree. In the first place, I think it must be shown that a felony has been committed before an accused can be guilty of compounding it, and there is no showing here that a felony was committed by Mitchel. One of the elements of the offense of issuing a worthless check, as provided in LSA-R.S. 14:71, is an “intent to defraud.” No 10-day written notice of non-payment was given to Mitchel, so there is no presumption of an intent to defraud, and I think the majority is in error in assuming that Mitchel had committed a felony which could be compounded.
I agree with the majority that if the only consideration for a promissory note is a promise of the payee not to prosecute, then the obligation evidenced by the note is unenforceable because of a failure of consideration, whether there was or was not a valid ground for criminal prosecution. But, in a case such as the instant one, where there was a valid consideration for the note (a stipulation pour autri), then it seems to me that the note is enforceable although there may have been additional promises or considerations which were invalid, such as a promise to .not prosecute.
The majority apparently relies principally on the case of Perry v. Frilot, 6 Mart. (N.S.) 217, as authority for its holding. In my opinion that case does not support the views expressed by the majority in the instant suit, because there the son was an insolvent debtor, and the plaintiff had agreed as a part of the consideration for the father’s promise to pay a portion of the debt that plaintiff would “get the other creditors to sign; that is, that he would deceive them,” and would assist the son in fraudulently making a surrender of his effects. The Perry case was decided in 1827, and so far as I have been able to. find it has never been cited or followed by any other court since that time. If it can be interpreted as supporting the views expressed by the majority in the instant suit, then I must respectfully disagree with the holding in that case.
Also, I disagree with the majority in its holding that the defendant may now avoid payment of the note on the special defense of “failure of consideration,” in spite of the fact that such an affirmative defense was not set forth in an answer filed by the defendant, as required by LSA-C.C.P. Article 1005. While I am aware of the provisions of LSA-C.C.P. Article 1154, I do not think that article is applicable here because this entirely new issue, not raised by the pleadings, was not “tried by express or implied consent of the parties.”
In this case, no answer was ever filed by the defendant. The case came up for trial on March 19, 1962, on an exception of non-joinder of parties plaintiff and an exception of no right of action which had been filed by defendant. The sole basis for the exception of no right of action was defendant’s allegation that the signature of defendant on the note was a forgery. The exception of non-joinder was satisfied, and at the trial plaintiff proved the signature of defendant. During the course of the trial, however, plaintiff Davis made the statements which are quoted in the majority opinion. These statements, volunteered by Davis, were not made in response to specific questions for that information. And, although counsel for plaintiff did not promptly object to these statements made by his own client, he did counter with the positive testimony of defendant himself, Simon, that he did not know of any checks issued by Mitchel or any possibility that he might have to go to jail. Eleven days after the trial had been completed defendant then filed another exception of no .right and no cause of action alleging for the first time failure of consideration.
On this evidence and under these circumstances the trial judge rendered judgment on the merits in favor of plaintiff. While no issue is raised as to the validity of the judgment rendered on the merits before an answer was filed, it seems to me that the majority clearly is in error in concluding that defendant is entitled to avoid payment of the note on a special defense of *781 failure of consideration under the circumstances presented here, and especially since such a defense had not been raised by any pleading’s at the time of the trial.
For the reasons herein assigned, I respectfully dissent from the views expressed by my conscientious colleagues.
On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.